UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KENAN KEREL ALEXANDER,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:20-CV-566 |
| | § | |
| **KILOLO KIJAKAZI,** | § | |
| **Commissioner of the Social** | § | |
| **Security Administration,** | § | |
| | § | |
| Defendant. | | |

## MEMORANDUM OPINION

Pending before the Court[1] is Plaintiff Kenan Kerel Alexander's ("Plaintiff") Motion for Summary Judgment (Dkt. No. 24) and Defendant[2] Kilolo Kijakazi's ("Commissioner") Motion for Summary Judgment (Dkt. No. 25-1). The Court has considered the motions, all other relevant filings, and the applicable law. For the reasons set forth below, the Court **GRANTS** Commissioner's Motion for Summary Judgment, **DENIES** Plaintiff's Motion for Summary Judgment, and **DISMISSES** the action with prejudice.

**I.   BACKGROUND**

On February 19, 2020, Plaintiff timely filed this action for judicial review of the Social Security Administration's ("SSA") final decision on Plaintiff's claim for disability insurance

---

[1] The parties consented to proceed before the Undersigned Magistrate Judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (*See* Dkt. No. 29.)

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit.

benefits and supplemental security income under Titles II and XVI of the Social Security Act.[3] On February 17, 2017, Plaintiff filed an application for benefits claiming an inability to work since July 14, 2014, due to lower back injury, two herniated cervical injury, and weakness in limbs.[4] The SSA found Plaintiff was not disabled at the initial level of review in May 2017 and again, upon reconsideration, in October 2017.[5] Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").[6]

On August 31, 2018, the ALJ conducted a hearing.[7] The ALJ heard testimony from Plaintiff, Vocational Expert Iric Saldivar, and Medical Expert Steven Goldstein.[8] On October 30, 2018, the ALJ issued a decision denying Plaintiff's applications for disability benefits.[9] The ALJ found, "[t]he claimant was under a disability, as defined in the Social Security Act, from July 14, 2014 through September 30, 2015 . . . ."[10] However, the ALJ also found, "[t]he claimant's disability ended October 1, 2015, and the claimant has not become disabled again since that date. . . ."[11] Plaintiff appealed the ALJ's decision to the SSA's Appeals Council.[12] On July 12, 2019, the Appeals Council denied Plaintiff's request to review the ALJ's decision.[13]

The ALJ's decision represents the Commissioner's final decision in Plaintiff's case. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000) ("SSA regulations provide that, if . . . the [Appeals]

---

[3] *See* Dkt. No. 1.
[4] *See* Dkt. No. 19-4 at 2–3, 25.
[5] *See id.* at 10, 34.
[6] Dkt. No. 19-5 at 28.
[7] *See* Dkt. No. 19-3 at 36.
[8] *Id.* at 37.
[9] *Id.* at 8–29.
[10] *Id.* at 22.
[11] *Id.* at 29.
[12] *See* Dkt. No. 19-6 at 109.
[13] Dkt. No. 19-3 at 2.

Council denies the request for review, the ALJ's opinion becomes the final decision."). Following the Appeals Council's denial, Plaintiff filed this action pursuant to 42 U.S.C. § 405(g).[14]

## II. LEGAL STANDARD

The Court's review of the Commissioner's final decision on a social security disability claim is exceedingly deferential. *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). "Our review of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'" *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)). When the Commissioner's decision is reached by applying improper legal standards, the decision is not supported by substantial evidence. *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept to support a conclusion' and constitutes 'more than a mere scintilla' but 'less than a preponderance' of evidence." *Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). "'Any findings of fact by the Commissioner which are supported by substantial evidence are conclusive.'" *Heck v. Colvin*, 674 F. App'x 411, 413 (5th Cir. 2017) (quoting *Taylor*, 706 F.3d at 602).

Even so, judicial review must not be "so obsequious as to be meaningless." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quotations omitted). The substantial evidence standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 822–23; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole,

---

[14] *See* Dkt. No. 1.

taking into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. In its analysis, the Court "'may not reweigh the evidence . . . , nor try the issues *de novo*, nor substitute [its] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.'" *Johnson v. Colvin*, 595 F. App'x 443, 444 (5th Cir. 2015) (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)).

Summary judgment in social security cases, like others, is governed by Rule 56. *See Temple v. Saul*, No. 19-CV-3320, 2020 WL 6075644, at *2 (S.D. Tex. Oct. 14, 2020). Under Rule 56, summary judgment is proper when the record reflects that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "When parties file cross-motions for summary judgment, [courts] review 'each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party.'" *Cooley v. Hous. Auth. of City of Slidell*, 747 F.3d 295, 298 (5th Cir. 2014) (quoting *Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001)).

## III. DISCUSSION

"A claimant bears the burden of proving that he or she suffers from a disability." *Perez*, 415 F.3d at 461. The Social Security Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Substantial gainful activity means "work activity involving significant physical or mental abilities for pay or profit." *Perez*, 415 F.3d at 461 (quoting *Newton*, 209 F.3d at 452).

In considering a disability claim, an ALJ must conduct a five-step evaluation that examines:

(1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R., Part 404, Subpart B, Appendix 1; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002) (citing 20 C.F.R. § 404.1520). While the claimant maintains the burden of proof for the first four steps, the burden shifts to "the Commissioner on the fifth step to show that the claimant can perform other substantial work in the national economy." *Perez*, 415 F.3d at 461. "Once the Commissioner makes this showing, the burden shifts back to the claimant to rebut this finding." *Id.* (quoting *Newton*, 209 F.3d at 453) (internal quotations omitted).

"A finding that a claimant is disabled . . . at any point in the five-step review is conclusive and terminates the analysis." *Boyd v. Apfel*, 239 F.3d 698, 705 (5th Cir. 2001) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). However, if no such finding can be made at any one step, the Commissioner moves on to the next step. 20 C.F.R. § 404.1520(a). Before moving from step three to step four, the Commissioner determines the claimant's residual functional capacity ("RFC"), which is "a determination of the most the claimant can still do despite his physical and mental limitations and is based on all relevant evidence in the claimant's record." *Perez*, 415 F.3d at 462 (citing 20 C.F.R. § 404.1545(a)(1)). The Commissioner uses the claimant's RFC at steps four and five to determine if the claimant can still do his past relevant work and determine whether the claimant can adjust to any other type of work. *Id.* (citing 20 C.F.R. § 404.1520(e)).

Here, the ALJ addressed all five steps of the sequential process. At step one, the ALJ found

that Plaintiff had not engaged in substantial gainful activity since July 14, 2014.[15] At step two, from July 14, 2014 through September 30, 2015, the ALJ found that Plaintiff suffered from the following severe impairments: lumbar spine degenerative disc disease with congenital spinal stenosis, status-post-surgery, cervical spine degenerative disc disease, and extreme obesity.[16] Also at step two, beginning October 1, 2015, the ALJ found that Plaintiff suffered from the same severe impairments.[17] At step three, from July 14, 2014 through September 30, 2015, the ALJ found that Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.[18] Also at step three, beginning October 1, 2015, the ALJ found that Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.[19] The ALJ found Plaintiff had the RFC to perform sedentary work as defined in the Commissioner's regulations with certain limitations from July 14, 2014 through September 30, 2015.[20] Beginning October 1, 2015, the ALJ found Plaintiff had the RFC to perform the full range of sedentary work as defined in the Commissioner's regulations.[21] At step four, from July 14, 2014 through September 30, 2015, the ALJ determined that Plaintiff was unable to perform any past relevant work.[22] Also at step four, beginning October 1, 2015, the ALJ determined that Plaintiff was unable to perform any past relevant work.[23] At step

---

[15] Dkt. No. 19-3 at 16.
[16] *Id.* at 16.
[17] *Id.* at 22.
[18] *Id.* at 18.
[19] *Id.* at 23.
[20] *Id.* at 18.
[21] *Id.* at 23.
[22] *Id.* at 29.
[23] *Id.* at 28.

five, from July 14, 2014 through September 30, 2015, the ALJ found that there were no jobs that existed in significant numbers in the national economy that Plaintiff could have performed.[24] Therefore, the ALJ found Plaintiff was under a disability as defined under the Social Security Act from July 14, 2014 through September 30, 2015.[25] However, beginning October 1, 2015, the ALJ found at step five that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed.[26] Therefore, the ALJ found that Plaintiff's disability ended on October 1, 2015 and that Plaintiff had not become disabled again since that date.[27]

Plaintiff moves to reverse the ALJ's decision, arguing that the ALJ (1) erred at Step Two by ruling Plaintiff's psychiatric limitation was non-severe and (2) failed to consider all of the evidence at Steps Three and Four.[28] Conversely, Commissioner argues the ALJ properly determined Plaintiff did not have a severe mental impairment and that the ALJ properly considered all the evidence.[29] The Court agrees with Commissioner.

Plaintiff's first argument is that the ALJ erred at Step Two when considering his psychiatric condition.[30] Plaintiff "is not asserting that his depression meets or equals [Listing] § 12.04 Affective Disorder, but it is more than non-severe and significantly interferes with his daily activities."[31] Commissioner argues Plaintiff has not pointed to any evidence that contradicts the

---

[24] *Id.* at 21-22.
[25] *Id.* at 22.
[26] *Id.* at 28-29.
[27] *Id.* at 29.
[28] Dkt. No. 24 at 1-2.
[29] *See* Dkt. No. 25-1 at 3-7.
[30] Dkt. No. 24 at 17.
[31] *Id.*

ALJ's findings.[32] The Court agrees.

At step two, Plaintiff bears the burden of showing that he has a severe impairment. *Wade v. Saul*, No. CV H-18-2229, 2019 WL 4601927, at *4 (S.D. Tex. Sept. 20, 2019). A severe impairment is more than a slight abnormality that would not be expected to interfere with a plaintiff's ability to work. *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985)) (stating that "[a]n impairment can be considered as not severe only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience"); *see Juarez v. Colvin,* No. CV H-15-1736, 2016 WL 7369128, at *17 (S.D. Tex. Nov. 30, 2016), *report and recommendation adopted*, No. CV H-15-1736, 2016 WL 7337974 (S.D. Tex. Dec. 19, 2016).

Here, the ALJ discussed Plaintiff's depression.[33] The ALJ noted Plaintiff received medication management and counseling for his depression up until February 2017.[34] Plaintiff did not report being on any mental health medications in August 2018 and there was no evidence of hospitalization or emergency related events associated with his depression.[35] Plaintiff's mental status examinations showed no significant psychological or cognitive abnormalities.[36] The ALJ reviewed Plaintiff's consultative psychological examinations and the opinions of the State agency psychological consultants.[37]

---

[32] Dkt. No. 25-1 at 5.
[33] Dkt. No. 19-3 at 16.
[34] *Id.*
[35] *Id.*
[36] *Id.*
[37] *See id.* at 16-17.

Plaintiff's argument restates medical records and summarily states that "his psychiatric status is indeed severe and significantly affects his ability to maintain and sustain full-time competitive work."[38] Plaintiff bears the burden of showing that he has a severe impairment and the Court finds Plaintiff's argument fails to carry that burden. *See Wade*, 2019 WL 4601927, at *4.

Plaintiff then states that the ALJ failed to consider all of the evidence, but the Court disagrees.[39] "[T]he ALJ is not always required to do an exhaustive point-by-point discussion" of each piece of evidence at every step. *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007); *see Charland v. Astrue*, No. 08-CV-1072, 2010 WL 624047, at *3 (N.D. Tex. Feb. 22, 2010) ("The ALJ is not statutorily or judicially obligated to explicitly list all the evidence he or she takes into account[.]"). In fact, "[t]he ALJ's failure to mention a particular piece of evidence does not necessarily mean that he failed to consider it." *Hammond v. Barnhart*, 124 F. App'x 847, 851 (5th Cir. 2005). Given the evidence the ALJ cited and reviewed, the Court disagrees with Plaintiff that the ALJ "cherry-picked" evidence.[40] The amount of evidence supporting the ALJ's decision is far "more than a mere scintilla." *Hardman*, 820 F.3d at 147.

Plaintiff's second point similarly argues that ALJ failed to fully consider the opinions of Dr. Goldstein, Dr. Berliner, and Mr. Saldivar.[41] As to Dr. Goldstein, Commissioner argues Plaintiff's argument only focused on part of Dr. Goldstein's testimony.[42] The Court agrees. As noted by Commissioner, Dr. Goldstein testified that Plaintiff would only be able to do less than

---

[38] Dkt. No. 24 at 18.
[39] *Id.*
[40] *See id.* at 17.
[41] *Id.* at 19.
[42] Dkt. No. 25-1 at 5.

sedentary work if he failed to take action on conditioning himself.[43] Following this, Dr. Goldstein testified that he thought Plaintiff would be able to do sedentary activity.[44] The ALJ discusses this testimony in her decision.[45] Therefore, Plaintiff's argument as to Dr. Goldstein is without merit.

As to Dr. Berliner, Commissioner argues the ALJ properly rejected Dr. Berliner's unsupported opinion regarding Plaintiff's ability to engage in work activities.[46] The Court agrees.

A treating physician's opinion on the nature and severity of a plaintiff's impairment should be accorded "controlling weight" when it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2); *Brown v. Astrue*, 344 F. App'x 16, 20 (5th Cir. 2009). "[W]hen good cause is shown, less weight, little weight, or even no weight may be given to the physician's testimony." *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001) (quoting *Greenspan,* 38 F.3d at 237). The good cause exceptions to the treating physician rule allow an ALJ to "disregard[] statements that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence." *Id.*

Here, the ALJ reviewed Dr. Berliner's opinion and explained that he gave little weight to the opinion because portions of it were contradictory or unsupported by the medical evidence.[47] Thus, the Court finds Plaintiff's argument as to Dr. Berliner is without merit.

Lastly, Plaintiff argues Mr. Saldivar's testimony "wholly supported the fact that" Plaintiff

---

[43] *Id.*
[44] Dkt. No. 19-3 at 47.
[45] *See id.* at 19-20.
[46] Dkt. No. 25-1 at 6.
[47] Dkt. No. 19-3 at 27-28.

is disabled.[48] Commissioner argues the ALJ was not required to adopt the testimony of the vocational expert that was not supported by the evidence of record.[49] The Court agrees with Commissioner.

"Some disability determinations can be made on the basis of guidelines developed by the Social Security Administration without the aid of vocational testimony." *Carter v. Heckler*, 712 F.2d 137, 142 (5th Cir. 1983). "Only if a claimant cannot perform substantially all of the activities in a given category of exertional requirements must an ALJ solicit vocational testimony." *Id.*

Here, the ALJ found Plaintiff could perform the full range of sedentary work beginning October 1, 2015 and explained that a finding of "not disabled" is directed by Medical-Vocational Rule 201.28 as a result.[50] The hypothetical posed to Mr. Saldivar by the ALJ incorporated more limitations than the ALJ ultimately found supported by the record.[51] Thus, Plaintiff's argument as to Mr. Saldivar is without merit.

The Court cannot "reweigh the evidence, try the issues *de novo,* or substitute [its] judgment for that of the [Commissioner]." *Greenspan*, 38 F.3d at 236. Based on her thorough review of the record, the Court finds that substantial evidence supports the ALJ's decision. *See Barnes v. Astrue*, No. 07-CV-4377, 2008 WL 5348225, at *11 (S.D. Tex. Dec. 22, 2008) ("The issue is not how much evidence supports a finding of disability, but, rather, whether substantial evidence supports the ALJ's finding that Plaintiff was not disabled."); *Jacobs v. Berryhill*, No. 5-17-CV-429, 2018 WL 3323764, at *5 (W.D. Tex. July 6, 2018), *report and recommendation adopted*, No. 5-17-CV-

---

[48] Dkt. No. 24 at 26.
[49] Dkt. No. 25-1 at 6.
[50] *See* Dkt. No. 19-3 at 22, 29.
[51] *See id.* at 53-54.

429, 2018 WL 4688775 (W.D. Tex. July 24, 2018) ("The ALJ properly discussed the evidence in the record in making the residual-functional-capacity determination, explained the reasoning for the determination, and exercised her responsibility as factfinder in weighing the evidence and choosing to incorporate limitations into the residual-functional-capacity assessment that were most supported by the record.").

### IV.  CONCLUSION

Based on the foregoing, the Court **GRANTS** Commissioner's Motion for Summary Judgment, **DENIES** Plaintiff's Motion for Summary Judgment, and **DISMISSES** the action with prejudice.

It is so **ORDERED**.

**SIGNED** in Houston, Texas on March 21, 2022.

Sam S. Sheldon
United States Magistrate Judge